O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ANGELO Y. SCRIGNA, et al.,

           Petitioners,

           v.

CALIFORNIA SUPERIOR
COURT CHILDREN'S COURT,
et al.,

           Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 14-5782-JGB (SP)

MEMORANDUM AND ORDER
SUMMARILY DISMISSING PETITION

On July 24, 2014, petitioner Angelo Y. Scrigna filed what purports to be a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). Petitioner seeks the return of his daughter, who was removed from his custody by the Department of Children and Family Services ("DCFS").

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d

599, 602 (9th Cir. 1989).  Here, the Petition must be dismissed because, for multiple reasons, this Court lacks jurisdiction over the Petition.

First, the Petition makes clear that petitioner is not in custody or under any other criminal sentence, as is required to obtain habeas relief.  *See* 28 U.S.C. § 2254(a).  The Supreme Court has interpreted § 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989).  Although the petitioner need not necessarily be physically confined in order to file a habeas petition, he must still be under a criminal sentence that has not yet expired, such as on parole.  *Id.* at 491-92.  But there is no indication in the Petition that petitioner was ever convicted or under a criminal sentence at all that is related to the matter he challenges; indeed, the Petition is to the contrary.  *See* Pet. at 2.  As such, this Court lacks jurisdiction to consider the Petition.  *See Maleng*, 490 U.S. at 490 ("in custody" requirement is jurisdictional).

Second, and even more fundamentally, the relief petitioner seeks is not cognizable in a habeas petition.  Section 2254 permits a federal court to entertain a habeas petition by a prisoner in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Burnett v. Lampert*, 432 F. 3d 996, 999 (9th Cir. 2005).  Put simply, this Court also lacks jurisdiction because petitioner is not claiming that he is in custody in violation of the Constitution or other federal law.  *See Baily v. Hill*, 599 F.3d 976, 979-82 (9th Cir. 2010) (§ 2254's

jurisdictional requirement includes that the habeas challenge be to the lawfulness of petitioner's custody).  Although petitioner asserts that his constitutional rights have been violated, he is not claiming that he actually is or has been in custody as a result of a constitutional violation, but rather that his rights were violated when his child was removed from his custody.  This is not a cognizable habeas corpus claim over which this Court has jurisdiction.

Petitioner indicates that he is also bringing the Petition on behalf of his daughter.  But although petitioner alleges that his daughter is now in a foster home in the custody of the State, he does not allege she is in criminal custody.  Indeed, particularly as his daughter is an infant, there is no indication or reason to believe the child is in custody pursuant to a criminal judgment by a state court.  As such, the Petition does not state a cognizable claim for relief, and this Court lacks jurisdiction over the Petition.

A federal court has the discretion to construe a mislabeled habeas corpus petition as a civil rights action and permit the action to proceed, such as when the petition seeks relief from the conditions of confinement.  *See Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) (per curiam) (holding that where a habeas corpus petition presents § 1983 claims challenging conditions of confinement, the petition should be construed as a civil rights action), superceded by statute on other grounds as recognized in *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006).  But nothing in the instant Petition indicates that petitioner alleges a civil rights claim.  Instead, the Petition appears to be an appeal of a decision by a Children's Court.

//

//

//

3

1        IT IS THEREFORE ORDERED that Judgment be entered summarily

2    dismissing the Petition and this action with prejudice.

3

4

5    DATED: August 25, 2014

6    _____

7        HONORABLE JESUS G. BERNAL
         UNITED STATES DISTRICT JUDGE

8

9    Presented by:

10

11   _____

12       SHERI PYM
     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   4